THOMAS R. BURKE (State Bar No. 141930)
 thomasburke@dwt.com
JOHN D. FREED (State Bar No. 261518)
 jakefreed@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Fl.
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599

Attorneys for Plaintiffs
KFF HEALTH NEWS and HANNAH NORMAN

PATRICK ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (State Bar No. 145558)
Chief, Civil Division
MOLLY A. FRIEND (State Bar No. 289677)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7177
FAX: (415) 436-7234
Email: molly.friend@usdoj.gov

Attorneys for Defendants
CENTERS FOR MEDICARE and
MEDICAID SERVICES; DEPARTMENT
OF HEALTH AND HUMAN SERVICES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KFF HEALTH NEWS and HANNAH NORMAN,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES; DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                    Defendants. | Case No. 3:24-cv-8781 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Assigned to Hon. Susan Illston<br><br>Date:    March 7, 2025<br>Time:    2:30 P.M.<br>Dept.:    Ctrm 1 |

DAVIS WRIGHT TREMAINE LLP

Plaintiffs KFF HEALTH NEWS and HANNAH NORMAN ("Plaintiffs") and Defendants CENTERS FOR MEDICARE AND MEDICAID SERVICES; DEPARTMENT OF HEALTH AND HUMAN SERVICES ("Defendants"), respectfully submit this Initial Joint Case Management Statement.

The Parties jointly request that the Court adopt the proposed schedule set forth below and continue the Case Management Conference currently scheduled for March 7, 2025 at 2:30 p.m. to April 25, 2025, at 2:30 p.m. This continuance would allow the Parties additional time to narrow the issues in the case without further assistance from the Court.

### 1.     Jurisdiction and Service

Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction under 28 U.S.C. § 1331. All parties have been served.

Defendants answered February 10, 2025. *See* Dkt. No. 12. There are no issues pertaining to personal jurisdiction, venue, or service.

### 2.     Facts

<u>Plaintiffs</u>

Plaintiff KFF Health News is a national newsroom that produces in-depth journalism about health issues. It is an operating program at KFF, an endowed nonprofit organization providing information on health issues to the nation. KFF Health News reports on how the health care system — hospitals, doctors, nurses, insurers, governments, consumers — works. In addition to its website, its stories are published by news organizations throughout the country. KFF's website also features daily summaries of major health care news. KFF Health News accepts no advertising, and all original content is available to other news organizations and the public free of charge. Plaintiff Hannah Norman  is a video producer and visual reporter for KFF Health News.

There are roughly 15,000 nursing homes in the United States, caring for over 1.2 million residents. On September 1, 2023, the Department of Health and Human Services, through the Centers for Medicare & Medicaid Services ("CMS"), proposed minimum staffing standards in nursing homes. The proposed rule required specific nurse staffing levels: a minimum of 0.55

DAVIS WRIGHT TREMAINE LLP

hours of care from a registered nurse per resident per day, and 2.45 hours of care from a nurse aide per resident per day. In addition, nursing homes would be required to have a registered nurse on site 24 hours per day, 7 days per week. CMS estimated that 75% of nursing homes would need to strengthen their staffing levels. However, the increases at many facilities would be minor, as the average nursing home already employs nurses and aides at or close to the proposed levels. And executives in the industry claim that without extra money from Medicare or Medicaid, the requirement would be financially unattainable.

The severe lack of nurses in our country is the root cause of why almost 1.2 million Americans—many of whom are vulnerable elderly—are not receiving the care they need. Although there are laws in place to improve the quality of nursing homes by setting the highest minimum care hours per resident, records show that just having these laws does not ensure better staffing. Many nursing homes have found a workaround for the law and operate with fewer workers than required by permission of the regulators, or without any penalties at all, thereby compromising the quality of care provided to the most elderly. The federal government has known about these problems for years. For example, Defendant CMS oversees inspections of nursing homes but has not taken sizeable steps to control infections "unless there was an actual negative resident outcome, or there was likelihood of a serious resident outcome."

On August 8, 2024, Ms. Norman sent three Freedom of Information Requests ("FOIA Requests") to CMS for: (1) CMS Health Facilities Surveys ("Survey FOIA Request"); (2) Nursing Home Staffing Study Documents ("Study FOIA Request"); and (3) Surveys of Long-Term Care Hospitals and Inpatient Rehabilitation Hospitals ("LTCH FOIA Request"). CMS is improperly withholding large numbers of records in response to all three FOIA Requests.

Agency

Defendants received three FOIA Requests from Plaintiffs on August 8, 2024.

On September 4, 2024, CMS requested clarification regarding the Survey FOIA Request, to which Plaintiffs responded on September 25, 2024. On November 5, 2025, CMS informed Plaintiffs that the request was pending a search and required a large data pull. CMS has

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:24-cv-8781 SI

DAVIS WRIGHT TREMAINE LLP

completed the search responsive to the Survey FOIA Request and the documents are ready to be processed.

On January 10, 2025, CMS issued its final production in response to the Study FOIA Request.

On September 5, 2024, CMS sought clarification from Plaintiffs regarding the LTCH FOIA Request, to which Plaintiffs responded the same day. CMS has completed its search of responsive documents and the documents are ready to be processed.

The search results for the Survey FOIA Request and LTCH FOIA Request produced over 365,000 documents.  The Parties are in the process of meeting and conferring to determine if the scope can further be narrowed to aid in a more efficient production schedule.

**3.      Legal Issues**

The issue in this case is whether Defendants have fulfilled their obligations to Plaintiffs under FOIA, and whether Plaintiff is entitled to an award of attorneys' fees and other litigation costs. The Parties will work in good faith to resolve Plaintiffs' claims without Court intervention. If the Parties are unable to reach a resolution and the Court postpones the currently scheduled CMC, they will submit a proposed briefing schedule with the next CMC statement.

**4.      Motions**

There are no prior or pending motions. If the Parties are unable to resolve Plaintiffs' claims, they anticipate filing cross-motions for summary judgment and will propose a briefing schedule for those motions. Plaintiffs reserve the right to seek attorneys' fees and related relief.

**5.      Amendment of Pleadings**

The Parties do not expect to add or dismiss any parties, claims, or defenses.

**6.      Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure, and they have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this case. The Parties do not believe that this case raises significant e-discovery issues.

DAVIS WRIGHT TREMAINE LLP

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:24-cv-8781 SI

**7.     Disclosures**

The Parties agree that initial disclosures are not necessary because this is a FOIA action.

**8.     Discovery**

The Parties believe that because this is a FOIA action, the usual discovery process is not likely to apply. *See Lane v. Dept. of Interior,* 523 F.3d 1128, 1134-35 (9th Cir. 2008). No discovery has been taken by any Party at this time. Plaintiffs reserve the right to take selected depositions in the event doing so will assist the issues to be decided by the Court in this litigation. The United States maintains that discovery is not warranted in this action, *see Lane v. Dept. of Interior,* 523 F.3d 1128, 1134-35 (9th Cir. 2008), but reserves all rights related to the issue.

**9.     Class Actions**

This lawsuit is not a class action.

**10.     Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

**11.     Relief**

Plaintiffs seek declaratory relief; a full, adequate and expedited search and production of the requested records to Plaintiffs; a fee waiver in connection with their request, reasonable costs and attorneys' fees; and such further relief as the Court deems just and proper. Defendants seek a complete defense judgment and dismissal.

**12.     Settlement and ADR**

The Parties are amenable to a Settlement Conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certifications.

**13.     Consent to Magistrate Judge for all Purposes**

The case has been assigned to a U.S. District Judge.

**14.     Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

DAVIS WRIGHT TREMAINE LLP

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:24-cv-8781 SI

DAVIS WRIGHT TREMAINE LLP

**15.    Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**16.    Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.    Scheduling**

The Parties respectfully request that the Court continue the Case Management Conference set for March 7, 2025, at 2:30 p.m. until April 25, 2025, at 2:30 p.m.

**18.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. If required, the Parties anticipate that this matter will be resolved on cross-motions for summary judgment.

**19.    Discovery of Non-party Interested Entities or Persons**

Defendants are not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. As set forth in Plaintiffs' Disclosure of Non-Party Interested Entities or Persons statement filed on December 19, 2024, the undersigned counsel for Plaintiffs certifies that, other than the named parties, there is no such interest to report.

**20.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**21.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

There are no other matters that may justify the just, speedy, and inexpensive disposition of this matter.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:24-cv-8781 SI

1    Dated:  February 28, 2025                    Respectfully submitted,

2                                                 DAVIS WRIGHT TREMAINE LLP

3
                                                  By:   */s/ John D. Freed*
4

5                                                 Attorneys for Plaintiffs
                                                  KFF HEALTH NEWS and HANNAH NORMAN
6

7

8                                                 PATRICK D. ROBBINS
9                                                 Acting United States Attorney

10
                                                  By:   */s/ Molly Friend*
11

12                                                Attorneys for Defendants
                                                  CENTERS FOR MEDICARE AND MEDICAID
13                                                SERVICES; DEPARTMENT OF HEALTH AND
                                                  HUMAN SERVICES
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:24-cv-8781 SI